11-2027-ag
Wang v. Holder

BIA
Sichel, IJ
A094 924 441

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 10ᵗʰ day of April, two thousand twelve.

PRESENT:
        ROBERT A. KATZMANN,
        REENA RAGGI,
        RAYMOND J. LOHIER, JR.,
                *Circuit Judges.*

_____

JIN QUAN WANG,
        *Petitioner,*

        v.                                    11-2027-ag
                                              NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL
        *Respondent.*

_____

FOR PETITIONER:        Michael Brown, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Anthony P. Nicastro, Senior
                       Litigation Counsel; Bernard A.
                       Joseph, Trial Attorney, Office of
                       Immigration Litigation, Civil
                       Division, United States Department
                       of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jin Quan Wang, a native and citizen of China, seeks review of an April 26, 2011 order of the BIA affirming the June 11, 2009 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jin Quan Wang*, No. A094 924 441 (B.I.A. Apr. 26, 2011), *aff'g* No. A094 924 441 (Immig. Ct. N.Y.C. June 11, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA's decision. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

The agency concluded that Wang was not credible because of inconsistencies in his statements regarding when he began practicing Falun Gong and whether he was arrested in 2000,

2

and because his statement that Falun Gong was a religion demonstrated his ignorance about Falun Gong. For asylum applications, such as this one, governed by the REAL ID Act, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii).

As Wang argues, the agency erred in concluding that Wang's statement that Falun Gong is a religion undermined his credibility. It is ambiguous whether Falun Gong is a religion or not. *Compare Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 115 (2d Cir. 2005) (treating Falun Gong as religion), *with Chun Gao v. Gonzales*, 424 F.3d 122, 125 (2d Cir. 2005) ("Falun Gong does not consider itself a religion and has no clergy or formal places of worship." (internal quotation marks omitted)). Although Falun Gong may not hold itself out as a religion, given the ambiguous status of the movement, Wang's description of it as a religion does not undermine the credibility of his testimony that he practices Falun Gong. *Cf. Rizal v. Gonzales*, 442 F.3d 84, 90 (2d Cir.

3

2006) ("Both history and common sense make amply clear that people can identify with a certain religion, notwithstanding their lack of detailed knowledge about that religion's doctrinal tenets, and that those same people can be persecuted for their religious affiliation.").

Nevertheless, remand is not necessary because "we can state with confidence that the IJ would adhere to [her] decision were the petition remanded," *Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 161 (2d Cir. 2006), and there are "ample, error-free grounds that provide substantial evidence to support the IJ's adverse credibility determination," *Singh v. BIA*, 438 F.3d 145, 149 (2d Cir. 2006).

As the IJ found, Wang made inconsistent statements regarding when he started practicing Falun Gong and whether he was arrested in 2000. The IJ did not err in rejecting Wang's explanation that, while he became involved with Falun Gong in 1999, he first began to practice it in 2006. Wang's testimony was unclear and did not offer a basis for distinguishing between becoming involved with Falun Gong and beginning to practice it. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer

4

a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (emphasis in original; internal quotation marks omitted)). Similarly, the IJ was not compelled to accept Wang's explanation that he did not mention his 2000 arrest either in his asylum application or during his credible fear interview because he did not consider it an arrest, when he testified at his asylum hearing that, in August 2000, he had been arrested, detained for one day, and beaten. *See id.*

Together, these inconsistencies, which go to the heart of Wang's claim, provide substantial evidence for the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Because Wang's claims for asylum, withholding of removal, and CAT relief all rely on the same factual predicate, his practice of Falun Gong and past treatment as a practitioner, the agency's adverse credibility determination forecloses all relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5